UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


J & K SAI HOSPITALITY LLC dba
SUBURBAN EXTENDED STAY,

     Plaintiff,                          Case No.:  3:22-cv-04377-MCR-MJF

v.

STEADFAST INSURANCE COMPANY,

     Defendant.

_____/

## AMENDED JOINT REPORT PURSUANT TO THE COURT'S ORDER DATED MAY 1, 2026

J & K SAI Hospitality LLC dba Suburban Extended Stay ("Suburban") and Steadfast Insurance Company ("Steadfast") file this Amended Joint Report, pursuant to the Court's May 1, 2026 Order (Dkt. 97), and hereby state:

1.     There are two (2) pending motions, a miscellaneous payment issue, and a dispute between the parties as to whether there are any issues remaining in this matter.

2.     The first pending motion is Suburban's Motion to Confirm the Appraisal Award and Motion for Partial Summary Judgment.  (Dkt. 89.)  Steadfast filed a response in opposition to Suburban's motion.  (Dkt. 93.)  Suburban filed a reply. (Dkt. 96.)  Accordingly, this motion is fully briefed.

3.     The second pending motion is Insured Advocacy Group LLC's ("IAG") motion to intervene as a party plaintiff.  (Dkt. 80.)  Steadfast and Suburban filed separate responses opposing IAG's motion. (Dkts. 81 & 83).

4.     As to the appraisal payment, there are other entities who have claimed an interest in the insurance claim which may require the Court's intervention.  In June of 2025, the insured property was sold at a foreclosure auction to Graystreet Broadway East, LP.  In October 2025, Steadfast issued an appraisal award check in the amount of $869,514.44 which listed Graystreet Broadway East, LP as a payee, along with other payees.  This check has not been negotiated and has since gone stale. It will eventually need to be reissued with the proper payees.  Upon information and belief, Graystreet Broadway East, LP recently sold the insured property to StopLoss Response, LLC.  It is unknown whether StopLoss Response, LLC is claiming an interest in the appraisal proceeds.  Steadfast also does not know if StopLoss Specialists, LLC is claiming an interest in the appraisal proceeds.  As a result, Steadfast is uncertain who should be listed as a payee on the check for the appraisal amount that needs to be re-issued.  Steadfast is contemplating filing a motion to interplead the funds and have the Court decide who are the proper parties to pay.

5.      As this Court has requested to aid it in the preparation of an amended final scheduling order, the parties differ on what remains in the case and set forth below their respective positions.

### Plaintiff Suburban's Position

There are three (3) coverages that were not appraised: Business Interruption, Ordinance & Law, EMS/Mitigation (Stop Loss). (Dkt. 86-1.)  It is unknown why those coverages were not appraised, but they need to be resolved, either through litigation or appraisal.  Defendant will not agree to resolve in either fashion and essentially seeks the Court to treat this Amended Joint Report as a motion for summary judgment. Plaintiff objects to Defendant's characterizations *supra*. Its arguments are not only incorrect but are improper for this Amended Joint Report. However, Defendant insists upon arguing its position.

### Defendant Steadfast's Position

Steadfast understands that Suburban contends that three (3) additional coverages -  Business Interruption, Ordinance & Law, EMS/Mitigation (Stop Loss) - are still in dispute and need to be resolved through this litigation. Steadfast strenuously disputes this position. Those three coverages - Business Interruption, Ordinance & Law, and EMS/Mitigation - are not at issue in this case.  Suburban has never presented a claim for Business Interruption, Ordinance & Law, or EMS/Mitigation (Stop Loss) to Steadfast for Steadfast to adjust.  Further, Suburban

has not pleaded in its complaint a request for such damages.  (Dkt. 1 at pp. 24-28 (Complaint alleging breach of contract and Petition to Compel Appraisal)).  In fact, Suburban admits it has not made (nor has it pled) a claim for business income or extra expense, no such documents exist to support any such claim, and that it informed Steadfast that such claim would only arise once repairs have begun.  (Dkt. 34 pp. 6-7 ₽ 3.(4).)  Certainly, if Suburban has never presented a claim for Business Interruption, Ordinance & Law, or EMS/Mitigation (Stop Loss) to Steadfast, such claims cannot be encompassed in Suburban's Breach of Contract claim in the operative complaint.

Steadfast contends that if Suburban seeks damages for Business Interruption, Ordinance & Law, or EMS/Mitigation, it must seek leave to amend its complaint.  If Suburban does seek leave, Steadfast anticipates opposing such motion as futile because, among other reasons, those new claims are time-barred under the Florida Changes endorsement requiring supplemental claims caused by a hurricane to be made within three years after the hurricane first made landfall.  Further, Suburban is not entitled to Ordinance & Law because repair of the damage has not been completed and Suburban no longer owns the property. Accordingly, Steadfast's position is that the Court should decide the two pending motions and Steadfast may need assistance from this Court to determine which entities should receive the

4

remaining appraisal award payment. Steadfast further requests the Court set a status

conference to discuss what issues remain in the case which need to be resolved.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/*David J. Maldoff*
DAVID J. MALDOFF
Florida Bar No.:  0720836
dmaldoff@butler.legal
KATHLEEN P. PHILLIPS
Florida Bar No.: 168149
kphillips@butler.legal
Secondary:  hkerr@butler.legal;
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
*Attorneys for Steadfast Insurance Company*


MCDONALD & BARNHILL, PA

/s/_  *David D. Barnhill*_____
DAVID D. BARNHILL
Florida Bar No.:  90442
12000 North Dale Mabry Hwy
Suite 270
Tampa, Florida 33618
eservice@McDonaldBarnhill.com
amcdonald@mcdonaldbarnhill.com
dbarnhill@mcdonaldbarnhill.com
*Attorneys for J&K SAI Hospitality dba Suburban Extended Stay*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which electronically served said document on all Counsel of Record on May 22, 2026.

*/s/ David J. Maldoff*
DAVID J. MALDOFF